UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH DAWAYNE WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-97-CCB-SJF |
| JASON SMILEY, et al., | |
| Defendants. | |

## OPINION AND ORDER

Kenneth Dawayne Williams, a prisoner without a lawyer, filed an amended complaint. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that, on August 27, 2024,[1] he was assaulted and suffered injuries to his left eye and nose. He was transferred to an outside hospital where he was diagnosed with two nasal fractures and treated. His left retina was partially detached

---

[1] While Williams' complaint states that the attack occurred on August 28, 2024, he has indicated in a letter to the court that the attack took place on August 27, 2024, and the court will therefore use that date for purposes of this order. ECF 20.

following the assault. It is unclear who made that diagnosis or when, but he was seen by Dr. Liaw for his eye injury on September 10, 2024. On September 17, 2024, Williams submitted a medical request form complaining that his injuries to his face were not healing properly. In response, he was told that nothing would be done because he had just been seen by Dr. Liaw on September 10, 2024. At some point, he was prescribed antibiotic ointment and Tylenol. It is unclear who prescribed these medications.

On October 8, 2024, Williams woke up and found that he was completely blind in his left eye. Dr. Lewton saw Williams for his eye injury three days later, on October 11, 2024. At that meeting, Williams learned that his retina had fully detached. Between that meeting and the filing of Williams' complaint, Williams filed multiple health requests and grievances. He believes he should have been seen by an optometrist. He has also written the warden to complain about the medical care he has received and how his grievances have been handled. Williams is suing Warden Jason Smiley, Deputy Warden Kenneth Gann, Deputy Warden Watts, Dr. Liaw, Dr. Lewton, and Centurion Medical for monetary damages.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

2

attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Williams complains about the medical care he received generally, but he does not describe his interactions with Dr. Liaw or Dr. Lewton in any detail. It is unclear what he believes Dr. Liaw or Dr. Lewton should have done differently. While Williams did not include medical exhibits with his complaint, documents submitted later show that Dr. Lewton submitted an urgent request for a consultation with an ophthalmologist the same day he saw Williams. ECF 27 at 2. In April 2025, after receiving a medical request form from Williams indicating that he had not been to see the eye doctor, Dr. Lewton followed up to see if anything had been done with his urgent request for a consultation. Dr. Lewton was told that inquiries had been made by FAX and phone repeatedly and they were awaiting responses, but that additional possible providers

3

would be contacted. It is not plausible to infer that Dr. Lewton was responsible for the delay in Williams' care under these circumstances. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 650–51 (7th Cir. 2021) (doctor not liable for five-month delay to surgically repair prisoner's torn meniscus or twenty-five month delay to reconstruct his ACL, despite continuing pain and efforts to have the surgery approved sooner). Likewise, without additional details, it cannot be plausibly inferred that either Dr. Liaw or Dr. Lewton failed to use their medical judgment or departed from accepted professional judgment, practice, or standards.

Williams has also sued Centurion Medical. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Williams has not alleged facts from which it can be plausibly inferred that Centurion Health had a policy that led to a violation of his constitutional rights, or even that his rights were violated. Therefore, he may not proceed against Centurion Health.

Finally, Williams has sued Warden Jason Smiley, Deputy Warden Kenneth Gann, and Deputy Warden Watts. Williams makes a conclusory statement that these individuals violated his rights. He also alleges that he wrote Warden Smiley a letter complaining about his medical care and the grievance process. Williams has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d

763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Furthermore, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Because the complaint does not allege any personal involvement on the part of Warden Smiley, Deputy Warden Kenneth Gann, or Deputy Warden Watts, Williams cannot proceed against them.

The amended complaint is short on facts, dates, and specifics about Williams' claims. Based on what it does say, it is not plausible to infer that Williams did not receive constitutionally adequate medical care from Dr. Liaw and Dr. Lewton, or that Centurion, Warden Smiley, Deputy Warden Gann, or Deputy Warden Watts violated his constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and

5

brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Williams believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Kenneth Dawayne Williams until **October 22, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Kenneth Dawayne Williams that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 18, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT